## MOSKINS STORES, INC v COLUMBUS BENTLEY MERCANTILE CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2631.   Decided July 1, 1936

Bridge, Kertzinger & Draper, Columbus, for plaintiff-appellant.

Tussing & Lane, Columbus, for defendant-appellee.

### OPINION

By BODEY, J.

This cause is before the court on appeal from the Common Pleas, the parties appearing as in the lower court.

By its amended petition the plaintiff seeks to enjoin the defendant from using the name or words "Liberal Credit" in its advertising and in its dealing with the public.

The evidence shows that the parties hereto are respectively corporations engaged in the retail sale of wearing apparel on the installment plan in the City of Columbus, defendant's store being located at 172 South High Street. and plaintiff's establishment at No. 178 on the same street in said city; that plaintiff has been so engaged since April, 1922; that plaintiff carries in front of its store two large signs, one of which reads "Liberal Credit Clothing" and the other "Liberal Credit Clothing Co."; that plaintiff also displays in its show windows two smaller neon signs which read thus: "Liberal Credit"; that defendant's name as "Bentley's" is carried in front of its building in a very large sign; that on each of the two front windows of defendant's store appears this neon sign:

BENTLEY'S
LIBERAL CREDIT

the same having been placed there in August, 1935; and that during the past five years the defendant has made use of circular and radio advertising embodying the words "Liberal Credit" in connection with its name and the sale of its goods. No evidence is introduced which would tend to establish that confusion has resulted or may result in the future from the use of the words "Liberal Credit" by the defendant, nor does the evidence indicate that the defendant has acted with a fraudulent intent.

Plaintiff contends that the words " Liberal Credit" as used by it have taken on a secondary meaning and that the use of said words by the defendant in advertising its business amounts to unfair competition.

It is beyond question that words, which may not become the subject of a trade

name or a trademark, may, by continued and exclusive use, acquire a secondary meaning peculiarly indicative and suggestive of the product of a particular manufacturer or seller. Such words when used in their primary sense are descriptive and generic but when they have taken on their secondary meaning they constitute a property right which may not be invaded or infringed by third parties. Plaintiff in its brief refers to the doctrine of secondary meaning as set forth in 63 C.J., 393, §102. We quote the entire section:

"Words or names which have a primary meaning of their own, such as words descriptive of the goods, or the place where they are made; or the name of the maker, and which are not capable of exclusive appropriation as a trade-mark, may nevertheless by long use in connection with the goods or business of a particular trader come to be understood by the public as designating the goods or business of that particular trader. Such words have both a primary and secondary meaning. In their primary descriptive sense, they are publici juris, and all the world may use them, but they must be used in such a way as not to falsely convey the secondary meaning, for this would constitute unfair competition as tending directly to pass off the goods or business of one man as and for that of another. This is what is known as the doctrine of secondary meaning and its perception by the courts was the genesis of the law of unfair competition as distinguished from technical trade-marks. In all this class of cases where the word, name, or other mark or devise is primarily publici juris the right to relief depends upon the proof. If plaintiff proves that the name or word has been so exclusively identified with his goods or business as to have acquired a secondary meaning so as to indicate his goods or business and his alone, he is entitled to relief against another's deceptive use of such terms, but if he fails in such proof, he is not entitled to relief. There is an exclusive right to the secondary meaning of a name which has been deemed a property right, although this exclusive right is strictly limited to the secondary meaning of the word. Use by others may not be absolutely prevented, but only the misleading manner of using it will be enjoined, leaving defendant at liberty to use it in all honest ways not deceptive. Practically the whole law of unfair competition is an application of these principles. Unfair competition by means of generic, descriptive, personal, and geographical names are common instances."

It is the opinion of the court that this citation correctly sets forth the law and fixes the standard or the test which must be met by plaintiff before it is entitled to the relief here demanded. These words, "Liberal Credit", are ordinary words, whether use of them is made singly or together. Their use is not confined to the sale of wearing apparel alone. They are peculiarly to be used by those retail merchants who sell merchandise on the installment plan. They do not describe the product or the wares of any individual. They can not apply exclusively to the business of the plaintiff. We are of the opinion that the evidence does not show that the plaintiff has acquired a property interest in the words "Liberal Credit" or that those words have taken on a secondary meaning peculiar to the business of the plaintiff. If, however, these words were the property of plaintiff by reason of long and continued use and if these words had acquired a secondary meaning, still we would hesitate to hold under the evidence in this case and the rules of law above set forth that the defendant has made use of those words in a dishonest manner or in a way calculated to mislead the public. The defendant has advertised its store as "Bentley's." It is engaged in the sale of goods and merchandise on credit of thirty weeks time. We can not say that the defendant misleads or deceives the buying public when it advertises these terms as terms of "Liberal Credit." As stated in the citation, supra, "use by others may not be absolutely prevented, but only the misleading manner of using it will be enjoined, leaving defendant at liberty to use it in all honest ways not deceptive."

Counsel have cited to the court several Ohio cases on this subject. The court has examined each of these citations. No one of these cases is controlling. Each case turns upon its own facts. The law is clear: The answer to the question before the court in each case must be found in the evidence introduced and in that alone. In our judgment the evidence in the case at bar does not warrant the granting of the relief prayed for.

On the issues raised the court finds in favor of the defendant, the appellee. The

490

petition is dismissed at the costs of the plaintiff, the appellant. Exceptions are noted.

BARNES, PJ, and HORNBECK, J, concur.